FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARCUS "MIKE" HARRIS, and BETTY J. "BETS" HARRIS, husband and wife,

Plaintiffs,

v.

CHELAN COUNTY SHERIFF'S DEPARTMENT, A DIVISION OF CHELAN COUNTY, A MUNICIPAL ENTITY EXISTING UNDER THE LAWS OF THE STATE OF WASHINGTON,

Defendant.

No. 2:17-CV-0137-JTR

ORDER DENYING PLAINTIFFS' MOTION TO ESTABLISH BINDING EFFECT OF ARBITRATOR'S RULING

**BEFORE THE COURT** is Plaintiffs' "Motion for Summary Judgment on Application of Arbitration Facts Decided, and to Exclude All Contrary Argument Under the Doctrine of Collateral Estoppel," ECF No. 51, which the Court has construed as a motion in limine, ECF No. 73. Scott M. Kane represents Plaintiffs Marcus "Mike" Harris ("Harris") and Betty J. "Bets" Harris; Defendant is represented by Heather C. Yakely. The parties have consented to proceed before a magistrate judge. ECF No. 9.

ORDER DENYING PLAINTIFFS' MOTION . . . - 1

# DISCUSSION

Plaintiffs' instant motion asserts Defendant is collaterally estopped from re-litigating issues previously decided by an arbitrator, James A. Lundberg. Specifically, Plaintiffs seek the "offensive" application of collateral estoppel to prohibit Defendant from presenting evidence or arguing any facts contrary to the arbitrator's ruling that no "just cause" existed for Harris' termination from employment with the Chelan County Sherriff's Department.

Collateral estoppel, also known as issue preclusion, prevents relitigation of an issue of fact or law in a subsequent proceeding involving the same parties. *See San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 336-337 (2005). Pursuant to the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, the Court is required to give full faith and credit to the records and judicial proceedings of any state court. 28 U.S.C. § 1738. However, case law has established that the plain language of 28 U.S.C. § 1738 does not require the Court to give full faith and credit to arbitration proceedings. *McDonald v. City of W. Branch, Mich.*, 466 U.S. 284, 287-288 (1984); *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 477-478 (1982) (holding "[a]rbitration decisions, of course, are not subject to the mandate of § 1738.").

Unlike state administrative proceedings and state courts, the right to arbitration is a contractual right, not a statutory right. *Kremer*, 456 U.S. at 477. "The arbitrator's specialized competence is 'the law of the shop, not the law of the land,' and 'the factfinding process in arbitration usually is not equivalent to judicial factfinding.'" *Id.* at 478. Arbitration is not a "judicial proceeding" and, therefore, Section 1738 does not apply to arbitration awards. *McDonald*, 466 U.S. at 288 (holding that "in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement."); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49, 59-60 (1974) (holding that arbitration of whether employee

was discharged for just cause was not preclusive of Title VII claims because collective bargaining agreement did not cover statutory claims).

Even if the Court were to find the arbitration decision in this case was a "judicial proceeding" and a "final judgment on the merits," the issues raised in the instant federal lawsuit are not identical to the issues raised in arbitration.[1] To be given preclusive effect, all elements of collateral estoppel must exist. The arbitration addressed only whether Harris was terminated with cause, while the instant lawsuit raises numerous federal and state law challenges pertaining to Harris' employment and termination. Because the causes of action in this lawsuit are not identical to the issues raised in arbitration, not all of the elements of collateral estoppel are present. Therefore, Plaintiffs' request for the Court to apply collateral estoppel to the entirety of this case is denied.

Defendant, by way of its response brief to the instant motion, ECF No. 80 at 4-5, and in its motion for summary judgment, ECF No. 60 at 8-11, indicates collateral estoppel is appropriate as a shield to preclude relitigation of Plaintiffs' state law wrongful termination claim that was fully heard by the arbitrator and for which Harris was fully compensated. The Court declines to discuss this assertion until the pending cross motions for summary judgment are resolved and a

///

---

[1]Washington law provides that collateral estoppel applies only when the party seeking estoppel can show that 1) the issues between the first action and the second are identical, 2) the parties to be estopped in the second action were parties in the first suit, or are in privity with parties in the first suit, 3) the first suit resulted in a final judgment on the merits, and 4) there would be no injustice if the parties were estopped from relitigating the issues. *See Nielson v. Spanaway General Medical Clinic, Inc.*, 135 Wash.2d 255, 262-263 (1998). All of the foregoing elements must exist before collateral estoppel may be entered.

ORDER DENYING PLAINTIFFS' MOTION . . . - 3

determination is made as to whether the Court will retain jurisdiction over any remaining state law claims.

## CONCLUSION

Based on the foregoing, the Court declines to give Arbitrator Lundberg's findings binding effect. Accordingly, **IT IS HEREBY ORDERED** Plaintiffs' motion under the doctrine of collateral estoppel to exclude all argument contrary to the arbitrator's decision, **ECF No. 51**, is **DENIED**.

**IT IS SO ORDERED.**

DATED April 15, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE